## 21 CV 05819

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| JOEL PENA, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| ZAZZLE, INC., | ) | **JURY TRIAL DEMANDED** |
| REDBUBBLE, INC., | ) | |
| SPREADSHIRT, INC. | ) | |
| TP APPAREL, LLC, and | ) | |
| TEESPRING, LLC | ) | |
| | ) | |
| Defendants. | ) | |

### COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND RELATED CLAIMS

Plaintiff, Joel Pena, alleges his complaint against Defendants, Zazzle, Inc., Redbubble, Inc., Spreadshirt, Inc., TP Apparel, LLC and Teespring, Inc. as follows:

### NATURE OF THE ACTION

1.     This action arises from Defendants infringement of Plaintiff's "ownership" and exclusive "use" rights in the marks, **HUMAN™, JOEL HUMAN®, HUMAN MADE™** and **THE HUMAN EXPERIENCE™**, in conjunction with clothing, footwear, merchandise and other related goods.  Despite Plaintiff being the senior user and owner of the marks **HUMAN™, JOEL HUMAN®, HUMAN MADE™** and **THE HUMAN EXPERIENCE™** and offering clothing, footwear and merchandise under such brands names, the Defendants have infringed Plaintiff's rights in the aforementioned marks and have used Plaintiff's trademarks in commerce by manufacturing, printing, producing, advertising, promoting, selling, and offering for sale clothing items under Plaintiff's trademarks.

Plaintiff has already experienced "actual confusion" in connection with this matter and is likely to continue to experience confusion as to the affiliation or connection between all of the Defendants named in this action and Plaintiff resulting in the unjust enrichment of Defendants by using Plaintiff's trademarks.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action pursuant to 15 U.S.C. §1051 *et seq.*, 15 U.S.C. Sections 1114-1116; under Section 43(a) of the Trademark Act, 15 U.S.C. §1125(a), Section 43(c) of the Trademark Act, 15 U.S.C. §1125(c) and 28 U.S.C. §1367.

3.     This Court has personal jurisdiction over the Defendants because Defendants engage in continuous and significant business activities in, and directed to the State of New York within this judicial district and because Defendants have committed tortuous acts aimed at and causing harm within the State of New York and this judicial district.

4.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) because it is where Plaintiff resides and the Defendants transacts business in this district, and because a substantial portion of the events giving rise to the asserted claims have occurred, and continue to occur, within this district.  Furthermore, the damage to Plaintiff and its intellectual property described herein continues to occur in this judicial district.  Defendants also advertise, market and sell goods in this district via the internet or directly.

## THE PARTIES

5.     Plaintiff, Joel Pena is an individual with an address at 60 E. 104th Street – Suite 3E, New York, NY 10029.

6.      Upon information and belief, Defendant Zazzle, Inc. is a California corporation with a principal place of business at 1800 Seaport Blvd, Redwood City, California 94063.

7.      Upon information and belief, Defendant Redbubble, Inc. is a Delaware corporation with a principal place of business at 111 Sutter Street – 17th Floor, San Francisco, California 94104.

8.      Upon information and belief, Defendant Spreadshirt, Inc. is a Delaware corporation with a principal place of business at 186 South Street, 3rd Floor, Boston, MA 02111.

9.      Upon information and belief, Defendant TP Apparel, LLC. is a New York Limited Liability Company with a place of business at 36 East 20th Street – 8th Floor, New York, New York 10003.

10.      Upon information and belief, Defendant, Teespring, Inc. is a Delaware corporation with a principal place of business at 3 Davol Square, Suite 300B, Providence, Rhode Island 02903.

## **FACTS**

11.      Plaintiff Joel Pena professionally known as **JOEL HUMAN®**, is a fashion designer and apparel industry entrepreneur who has worked in the fashion industry since at least as early as 1998.

12.      Born in Brooklyn, New York, Plaintiff grew up doing graffiti on the streets of New York City and created his graffiti name "**HUMAN™**" in 1993.

13.      Plaintiff **JOEL HUMAN®** saw the emergence of graffiti art and streetwear apparel in the early 1990's from other graffiti artists like **MARC ECKO®** and in 1996 Plaintiff applied to the Pratt Institute School of Design and received a full scholarship for graphic design.

14.     Since at least as early as 1998, Plaintiff has been designing, promoting, advertising, selling and offering for sale, headwear, t-shirts, sweaters, hooded sweatshirts, jackets and other clothing items under the **HUMAN™** and **JOEL HUMAN®** brand names.

15.     In 1998 Plaintiff also began designing for fashion companies that had the licenses to Disney, Old Navy, Pony Athletic Apparel, Major League Baseball as well as emerging streetwear brands at the time like **ECKO UNLIMITED®**, **FUBU®**, **G-UNIT®**, **COOGI®** and many other brands.

16.     For the past two (2) decades, Plaintiff has designed apparel for many HIP-HOP celebrities including, but not limited to, **50 CENT®**, **FAT JOE®**, **RICK ROSS®**, **DAYMOND JOHN** of Shark Tank, **SHAQUILLE O'NEAL™**, **FETTY WAP™** and has brought his authentic New York City style to people all around the world.

17.     Since at least as early as 1998, Plaintiff has been independently operating a clothing business which has sold various clothing items under the marks **HUMAN™** and **JOEL HUMAN®**.    Plaintiff also uses the mark **HUMAN™** on apparel designs in conjunction with other words and/or terms such as **THE HUMAN EXPERIENCE™**, **HUMAN INDUSTRIES™**, **HUMAN WORLDWIDE™**, etc.

18.     Plaintiff uses the ®, and ™ symbols on product packaging materials, hang tags, and on promotional materials to put the public on constructive notice that Plaintiff is claiming trademark rights in the **HUMAN™** and **JOEL HUMAN®** brand names.

19.     Plaintiff sells his clothing via his flagship clothing store, through wholesale accounts with retail clothing stores nationwide and in other ways customary in the apparel industry.

20.     Plaintiff advertises his **HUMAN®** collection of brands and clothing items through social media platforms including but not limited to Instagram and other online sources.

21.     Plaintiff's **HUMAN™** and **JOEL HUMAN®** collection of clothing products enjoy a superlative reputation in the apparel industry.

22.     Since at least as early as 2007, Plaintiff has taken efforts at securing intellectual property protection for his **HUMAN™** collection of brand names and designs.

23.     Plaintiff filed United States Trademark Serial Application No. 77/354,955 for the mark **THE HUMAN EXPERIENCE™** that was filed with the United States Patent and Trademark Office on December 18, 2007**.  (See Exhibit A)**.

24.     Plaintiff is the registered owner of United States Trademark Registration No. 4,587,137 for the mark **JOEL HUMAN®.  (See Exhibit B)**.

25.     Plaintiff filed United States Trademark Serial Application No. 86/303,524 for the mark **HUMAN™** that was filed with the United States Patent and Trademark Office on June 8, 2014**.  (See Exhibit C)**.

26.     Plaintiff is the owner of pending United States Trademark Serial Application No. 88/600,647 for the mark **HUMAN™.  (See Exhibit D)**.

27.     Plaintiff has built and acquired significant common law rights in the **HUMAN®, JOEL HUMAN®, HUMAN MADE™** and **THE HUMAN EXPERIENCE™** marks in connection with clothing and merchandise based on Plaintiff's long standing and continuous use of the marks in commerce in connection with the promotion, sale and offering of clothing items under the aforementioned marks.

28.     Founded in 1999 but publicly launched in 2005, Zazzle is an e-commerce vendor that allows its users and account holders to upload images and designs of artwork, slogans, brand names, and/or other designs that Zazzle then manufactures and prints on novelty items such as t-shirts, caps, hoodies, sweatshirts, baseball jerseys, travel bags, mouse pads, greeting cards, and a myriad of other similar products.  These products are then offered for sale to the public.

29.     Defendant Zazzle has over 600,000 designers.   These designers are mainly individuals who set up an account with Zazzle, upload images and/or design artwork to the www.zazzle.com website, and receive a small royalty for the products that are sold containing reproductions of the images and/or designs.

30.     The designers are also able to choose a royalty rate to receive in connection with any product that is sold by Zazzle in connection with that individual's uploaded images.  Zazzle starts with a base product price and the designer chooses the royalty rate to receive on top of the base price, which increases the product price to account for the royalty rate.  Consequently, Zazzle makes a set amount for each product that it sells, regardless of the designer, the royalty rate, or the image printed.

31.     Zazzle holds a large inventory of blank items (e.g., shirts, caps, sweaters, etc.) at its print and production warehouse and it prints images of those items only after a product is ordered by an end user buyer through the www.zazzle.com website.

32.     When a buyer purchases an item from the www.zazzle.com website a Zazzle employee or contractor will take a blank version of that item from the Zazzle warehouse and print and/or otherwise manufacture the selected item bearing the image, design, slogan or name. Zazzle then packages and ships the product to the consumer.

33.     Zazzle manages all material aspects of the transactions conducted on its website, including internet hosting, marketing, search engine optimization, production of merchandise, shipping, invoicing, billing, product return, and refunds.  The third party designers role is limited to only uploading images, choosing the items to offer in connection with the images, names or slogans, setting the royalty rate and waiting for a royalty check to come in.

34.     Zazzle knows that a large amount of images, names and or slogans it prints that are uploaded by its third party designers are infringing the copyright and/or trademark rights of

others.   Despite this knowledge, Zazzle does very little to protect the rights of intellectual property owners.

35.     Plaintiff is informed and believes and thereon alleges that Defendant Zazzle, Inc. is manufacturing, marketing, promoting, selling and offering for sale an extensive catalogue of apparel items including t-shirts and other similar clothing items bearing Plaintiff's **HUMAN™** mark by silk screen printing t-shirts bearing the **HUMAN™** mark on its website www.zazzle.com. The aforementioned use by Zazzle violates Plaintiff's trademark rights in the aforementioned marks.

36.     Defendant Zazzle is also bidding and purchasing adwords under Plaintiff's **HUMAN™** trademark that is directing consumers looking for Plaintiff's clothing to Zazzle's website to purchase its clothing products instead.   The aforementioned use of Plaintiff's trademark in search engine keyword advertising programs by Zazzle are a "use in commerce" of Plaintiff's brand name.

37.     Defendant Zazzle's use of Plaintiff's trademarks has already caused confusion and is likely to continue to cause confusion as to the source of clothing products under the **HUMAN™** and/or **JOEL HUMAN®** marks.

38.     Defendant Redbubble, Inc. is a retailer of clothing and related accessories and merchandise.

39.     Defendant Redbubble owns, operates and manages an online retail store that uses in commerce, Plaintiff's trademark to promote, advertise, sell and offer for sale t-shirts and other clothing products using Plaintiff's **HUMAN™** and **JOEL HUMAN®** trademarks.

40.     Defendant Redbubble is using Plaintiff's trademark in commerce by promoting, advertising, selling and offering for sale clothing items including and under Plaintiff's **HUMAN™** and **JOEL HUMAN®**  trademark via its www.redbubble.com website.

41.     Upon information and belief, Defendant Redbubble is also utilizing Plaintiff's **HUMAN™** and **JOEL HUMAN®** trademark as a keyword in online advertising that is directing consumers looking for Plaintiff's clothing to the www.redbubble.com website to purchase its clothing products instead by advertising and promoting clothing products that include Plaintiff's **HUMAN™** and/or **JOEL HUMAN®** trademark.  The aforementioned use of Plaintiff's trademark by Redbubble is a "use in commerce" of Plaintiff's brand name.

42.     Upon information and belief, Defendant Redbubble is also bidding and purchasing adwords under Plaintiff's **HUMAN™** trademark that is directing consumers looking for Plaintiff's clothing to the www.redbubble.com website to purchase its clothing products instead of Plaintiff's clothing items under the **HUMAN™** mark.  The aforementioned use of Plaintiff's trademark in search engine keyword advertising programs by Redbubble is a "use in commerce" of Plaintiff's trademark for a profit.

43.     Defendant Redbubble's use in commerce of Plaintiff's **HUMAN™** and **JOEL HUMAN®** trademark is not a fair use as Redbubble is using the mark for commercial business purposes and for a profit.

44.     Defendant Redbubble's use in commerce of Plaintiff's trademarks has already caused confusion and is likely to continue to cause confusion as to the source of clothing products under **HUMAN™** and/or **JOEL HUMAN®** mark.

45.     Defendant Redbubble has the ability to manage, monitor and control the infringing activity that violates Plaintiff's **HUMAN®** trademark.

46.     Upon information and belief, Defendant Redbubble had knowledge of Plaintiff's ownership rights in **HUMAN®** mark and failed to implement any procedure that would prevent its sales team from uploading content or designs that included Plaintiff's trademark.

47.     Defendant Redbubble's's infringement of Plaintiff's trademarks is willful as it is aware of the infringing content it is displaying, selling and offering for sale from its www.redbubble.com website.

48.     Defendant Redbubble acted in bad faith in using Plaintiff's trademark as it has attempted to palm off the good will and reputation that Plaintiff has built in his **HUMAN™** and **JOEL HUMAN®** marks.

49.     Defendant Spreadshirt, Inc. is an e-commerce retailer and is providing an online store and platform to purchase t-shirts, hoodies and other merchandise and are manufacturing, printing, marketing, promoting, selling and offering for sale via its website www.spreadshirt.com clothing items promoted under Plaintiff's **HUMAN™** trademark.

50.     Defendant Spreadshirt, Inc. is also hosting and managing an online web store under the URL www.spreadshirt.com that is selling and offering for sale t-shirts that violate and infringe on Plaintiff's **HUMAN™** trademark.

51.     Defendant Spreadshirt, Inc.'s use of Plaintiff's trademarks has already caused confusion and is likely to continue to cause confusion as to the source of clothing products under the **HUMAN™** mark.

52.     Defendant Spreadshirt Inc's use of Plaintiff's trademarks is not a fair use as SpreadShirt is using the marks for commercial business purposes and for a profit.

53.     Defendant Spreadshirt, Inc. has the ability to manage, monitor and control the infringing activity that violates Plaintiff's trademarks.

54.     Defendant Spreadshirt, Inc. is aware and has knowledge of Plaintiff's ownership rights in the **HUMAN™** mark.

55.     Defendant TP is a retailer of clothing and related accessories and merchandise.

56.     Defendant TP owns, operates and manages an online retail store that uses in commerce, Plaintiff's trademark to promote, advertise, sell and offer for sale t-shirts and other clothing products using Plaintiff's **HUMAN™** trademark.

57.     Defendant TP is using Plaintiff's trademark in commerce by promoting, advertising, selling and offering for sale clothing items including and under Plaintiff's **HUMAN®** trademark via its www.teepublic.com website.

58.     Upon information and belief, Defendant TP is also utilizing Plaintiff's **HUMAN™** trademark as a keyword in online advertising that is directing consumers looking for Plaintiff's clothing to the www.teepublic.com website to purchase its clothing products instead by advertising and promoting clothing products that include Plaintiff's **HUMAN™** trademark. The aforementioned use of Plaintiff's trademark by TP is a "use in commerce" of Plaintiff's brand name.

59.     Upon information and belief, Defendant TP is also bidding and purchasing adwords under Plaintiff's **HUMAN™** trademark that is directing consumers looking for Plaintiff's clothing to the www.teepublic.com website to purchase its clothing products instead of Plaintiff's clothing items under the **HUMAN™** mark. The aforementioned use of Plaintiff's trademark in search engine keyword advertising programs by TP is a "use in commerce" of Plaintiff's trademark for a profit.

60.     Defendant TP's use in commerce of Plaintiff's **HUMAN™** trademark is not a fair use as TP is using the mark for commercial business purposes and for a profit.

61.     Defendant TP's use in commerce of Plaintiff's trademarks has already caused confusion and is likely to continue to cause confusion as to the source of clothing products under **HUMAN™** mark.

62.     Defendant TP has the ability to manage, monitor and control the infringing activity that violates Plaintiff's **HUMAN™** trademark.

63.     Upon information and belief, Defendant TP had knowledge of Plaintiff's ownership rights in the **HUMAN™** mark and failed to implement any procedure that would prevent its sales team from uploading content or designs that included Plaintiff's registered trademark.

64.     Defendant TP's infringement of Plaintiff's trademarks is willful as it is aware of the infringing content it is displaying, selling and offering for sale from its www.teepublic.com website.

65.     Defendant TP acted in bad faith in using Plaintiff's trademark as it has attempted to palm off the good will and reputation that Plaintiff has built in his **HUMAN™** mark.

66.     Defendant Teespring, Inc. is a retailer of clothing and related accessories and merchandise.

67.     Defendant Teespring owns, operates and manages an online retail store that uses in commerce, Plaintiff's trademark to promote, advertise, sell and offer for sale t-shirts and other clothing products using Plaintiff's **HUMAN™** and **JOEL HUMAN®** trademarks.

68.     Defendant Teespring is using Plaintiff's trademark in commerce by promoting, advertising, selling and offering for sale clothing items including and under Plaintiff's **HUMAN™** and **JOEL HUMAN®** trademark via its www.teespring.com website.

69.     Upon information and belief, Defendant Teespring is also utilizing Plaintiff's **HUMAN™** and **JOEL HUMAN®** trademark as a keyword in online advertising that is directing consumers looking for Plaintiff's clothing to the www.teespring.com website to purchase its clothing products instead by advertising and promoting clothing products that

include Plaintiff's **HUMAN™** and/or **JOEL HUMAN®** trademark.  The aforementioned use of Plaintiff's trademark by Teespring is a "use in commerce" of Plaintiff's brand name.

70.     Upon information and belief, Defendant Teespring is also bidding and purchasing adwords under Plaintiff's **HUMAN™** trademark that is directing consumers looking for Plaintiff's clothing to the www.redbubble.com website to purchase its clothing products instead of Plaintiff's clothing items under the **HUMAN™** mark.  The aforementioned use of Plaintiff's trademark in search engine keyword advertising programs by Teespring is a "use in commerce" of Plaintiff's trademark for a profit.

71.     Defendant Teespring's use in commerce of Plaintiff's **HUMAN™** and **JOEL HUMAN®** trademark is not a fair use as Teespring is using the mark for commercial business purposes and for a profit.

72.     Defendant Teespring's use in commerce of Plaintiff's trademarks has already caused confusion and is likely to continue to cause confusion as to the source of clothing products under **HUMAN™** and/or **JOEL HUMAN®** mark.

73.     Defendant Teespring has the ability to manage, monitor and control the infringing activity that violates Plaintiff's **HUMAN®** trademark.

74.     Upon information and belief, Defendant Teespring had knowledge of Plaintiff's ownership rights in **HUMAN®** mark and failed to implement any procedure that would prevent its sales team from uploading content or designs that included Plaintiff's trademark.

75.     Defendant Teespring's infringement of Plaintiff's trademarks is willful as it is aware of the infringing content it is displaying, selling and offering for sale from its www.teespring.com website.

76.   Defendant Redbubble acted in bad faith in using Plaintiff's trademark as it has attempted to palm off the good will and reputation that Plaintiff has built in his **HUMAN™** and **JOEL HUMAN®** marks.

## FIRST CAUSE OF ACTION
## TRADEMARK INFRINGEMENT (15 U.S.C. §§ 1114-1116)

77.   Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 76 of this Complaint.

78.   The use in commerce by Defendants of an identical version of Plaintiff's registered trademark is likely to cause confusion, mistake and deception among members of the public and in trade as to the source, origin, or sponsorship of defendants' goods and services. Such use by Defendants constitutes a clear and direct infringement of Plaintiff's rights in and to Plaintiff's registered trademark, and has resulted in injury and damage to Plaintiff that will continue if Defendants are not ordered to cease all use of the **HUMAN™, JOEL HUMAN®, HUMAN MADE™** and/or **THE HUMAN EXPERIENCE™** marks.

## SECOND CAUSE OF ACTION
## UNFAIR COMPETITION & FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a)

79.   Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 80 of this Complaint.

81.   Plaintiff has the exclusive right to market, brand and provide clothing related goods using the **HUMAN™, JOEL HUMAN®, HUMAN MADE™** and/or **THE HUMAN EXPERIENCE™** marks.

82.   Defendants by reason of the aforementioned acts, have falsely described, represented and designated the origin of its goods and services. Defendants' activities already have confused the public into believing that Defendants and Plaintiff's clothing goods and

accessories come from one and the same source, and Defendants continued activities are likely to create further confusion and deceive the public concerning the source of the goods/services.

83.     Defendants have unfairly profited from the actions alleged herein and will continue to unfairly profit and become unjustly enriched unless and until such conduct is enjoined by this Court.

84.     By reason of Defendants willful acts conducted in conscious disregard for Plaintiff's rights, Plaintiff is entitled to treble damages under 15 U.S.C. § 1117(a).

## THIRD CAUSE OF ACTION
## COMMON LAW TRADEMARK INFRINGEMENT & UNFAIR COMPETITION

85.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 84 of this Complaint.

86.     Defendants conduct constitutes deception by which Defendants goods will be palmed off as those of Plaintiff.  Such conduct constitutes trademark infringement and unfair competition in violation of the laws of the State of New York.

87.     Defendants unauthorized use of Plaintiff's **HUMAN™, JOEL HUMAN®, HUMAN MADE™** and/or **THE HUMAN EXPERIENCE™** marks is likely to continue to cause further confusion to the public as to the clothing goods and accessories of the respective parties.

88.     By reason of the foregoing, Defendants have infringed and continue to infringe on Plaintiff's common law rights in the **HUMAN™, JOEL HUMAN®, HUMAN MADE™** and/or **THE HUMAN EXPERIENCE™** marks and Defendants have become unjustly enriched by such acts of infringement.

89.     Defendants unlawful conduct has been and will continue to be willful or willfully blind to Plaintiff's rights, as Defendant has reason to know of Plaintiff's rights in the name.

## FOURTH CAUSE OF ACTION
## UNJUST ENRICHMENT

90.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 89 of this Complaint.

91.     Defendants have unjustly retained profits from the sale of clothing goods and accessories bearing Plaintiff's **HUMAN™, JOEL HUMAN®, HUMAN MADE™** and/or **THE HUMAN EXPERIENCE™** marks.

92.     Defendant's actions constitute unjust enrichment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for relief as follows:

1.     Entry of an order and judgment requiring that all Defendants, its subsidiaries, officers, agents, servants, employees, owners, and representatives, and all other persons or entities in active concert or participation with them, be preliminarily and, thereafter, permanently enjoined and restrained from (a) using in any manner the trade name, trademark, domain name or other indicia or origin, including in whole or part the term **HUMAN™, JOEL HUMAN®, HUMAN MADE™** and/or **THE HUMAN EXPERIENCE™**, or any colorable imitation thereof; (b) advertising, operating a website, using business stationary or offering any goods or services using the trade name, trademark, domain name, URL, or any other indicia of origin including in whole or part the term **HUMAN™, JOEL HUMAN®, HUMAN MADE™** and/or **THE HUMAN EXPERIENCE™**, or any colorable imitation thereof; (c) otherwise engaging in any acts of unfair competition and infringement which tend to injure Plaintiff's rights in the **HUMAN™, JOEL HUMAN®, HUMAN MADE™** and/or **THE HUMAN EXPERIENCE™** marks.

2.     That Defendants be required to account to Plaintiff for any and all profits derived by it, and to compensate Plaintiff for all the damages sustained by reason of the acts complained of herein, and that the damages herein be trebled pursuant to the Trademark Act.

3.     That Defendants be ordered to deliver up for destruction any and all infringing materials bearing the **HUMAN™, JOEL HUMAN®, HUMAN MADE™** and/or **THE HUMAN EXPERIENCE™** marks, and any colorable imitation thereof, in whole or part.

4.     That Plaintiff be awarded punitive damages against all Defendants.

5.     That Defendant be required to place advertisements or send notifications to past and present customers that it improperly has been using the **HUMAN™, JOEL HUMAN®, HUMAN MADE™** and/or **THE HUMAN EXPERIENCE™** marks.

6.     That Plaintiff be awarded statutory damages in the amount of $10,000,000.00 for Defendants acts of willful infringement of Plaintiff's trademarks.

7.     That Plaintiff be awarded the cost and disbursements of this action.

8.     That Plaintiff have such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury as to all issues.

Dated: July 5, 2021                        Respectfully submitted,
        New York, New York           Joel Pena – Pro Se

                                          Joel Pena
                                          Pro Se Plaintiff
                                          60 E. 104th Street – Suite #3E
                                          New York, New York 10029
                                          (347) 933-0923

**EXHIBIT A**



United States Patent and Trademark Office

Home|Site Index|Search|FAQ|Glossary|Contacts|eBusiness|eBiz alerts|News

## Trademarks > Trademark Electronic Search System (TESS)

TESS was last updated on Mon Jul 5 04:07:22 EDT 2021

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST |

| FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout   Please logout when you are done to release system resources allocated for you.

Start List At: [     ] OR Jump [     ] to record: [     ]   **Record 6 out of 6**

| TSDR | ASSIGN Status | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*

# the Human experience

| | |
|---|---|
| **Word Mark** | THE HUMAN EXPERIENCE |
| **Goods and Services** | (ABANDONED) IC 025. US 022 039. G & S: shirts, pants, and shoes. FIRST USE: 20071218. FIRST USE IN COMMERCE: 20071218 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 77354955 |
| **Filing Date** | December 18, 2007 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Owner** | (APPLICANT) Kim, Byoung H JOINT APPLICANTS REPUBLIC OF KOREA 394 veterans blvd Carlstadt NEW JERSEY 07072 |
| | (APPLICANT) Pena, Joel D. Joel D. pena, (legal citizen) Byoung H Kim (visa) JOINT APPLICANTS UNITED STATES #1d 126 crescent st. Brooklyn NEW YORK 11208 |
| **Type of Mark** | TRADEMARK |
| **Register** | SUPPLEMENTAL |
| **Live/Dead Indicator** | DEAD |
| **Abandonment Date** | October 1, 2008 |

**EXHIBIT B**

# United States of America

## United States Patent and Trademark Office

# Joel Human

**Reg. No. 4,587,137**

**Registered Aug. 19, 2014**

**Int. Cl.: 25**

**TRADEMARK**

**PRINCIPAL REGISTER**

PENA, JOEL D. (UNITED STATES INDIVIDUAL), AKA JOEL HUMAN
1487 E.37TH STREET APT. D7
BROOKLYN, NY 11234

FOR: ATHLETIC APPAREL, NAMELY, SHIRTS, PANTS, JACKETS, FOOTWEAR, HATS AND CAPS, ATHLETIC UNIFORMS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 5-16-2010; IN COMMERCE 5-16-2010.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

THE NAME "JOEL HUMAN" IDENTIFIES THE STAGE NAME/PSEUDONYM OF JOEL PENA, A LIVING INDIVIDUAL WHOSE CONSENT IS OF RECORD.

SER. NO. 85-965,969, FILED S.R. 6-20-2013 AM. P.R. 6-20-2013.

DEZMONA MIZELLE, EXAMINING ATTORNEY



Deputy Director of the United States
Patent and Trademark Office

**EXHIBIT C**

 United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Contacts | eBusiness | eBiz alerts | News

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Mon Jul 5 04:07:22 EDT 2021*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST |
| FIRST DOC | PREV DOC | NEXT DOC | LAST DOC |

Logout   Please logout when you are done to release system resources allocated for you.

Start   List At: [    ]  OR  Jump  to record: [    ]   **Record 4 out of 6**

| TSDR | ASSIGN Status | TTAB Status |   *( Use the "Back" button of the Internet Browser to return to TESS)*



| | |
|---|---|
| **Word Mark** | HUMAN |
| **Goods and Services** | (ABANDONED) IC 025. US 022 039. G & S: Athletic apparel, namely, shirts, pants, jackets, footwear, hats and caps, athletic uniforms. FIRST USE: 20120401. FIRST USE IN COMMERCE: 20120401 |
| **Mark Drawing Code** | (5) WORDS, LETTERS, AND/OR NUMBERS IN STYLIZED FORM |
| **Serial Number** | 86303524 |
| **Filing Date** | June 8, 2014 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Owner** | (APPLICANT) **Joel Pena** INDIVIDUAL UNITED STATES 1487 East 37th street #D7 Brooklyn NEW YORK 11234 |
| **Description of Mark** | Color is not claimed as a feature of the mark. The mark consists of the word "HUMAN" in an slightly arched format, like the arch of a rainbow. The "H" is tilted to the left. The "U" is slightly tilted to the left. The "M" is straight. The "A" is slightly tilted to the right. The "N" is tilted to the right. |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | DEAD |
| **Abandonment Date** | September 14, 2015 |

**EXHIBIT D**


United States Patent and Trademark Office

Home | Site Index | Search | FAQ | Glossary | Contacts | eBusiness | eBiz alerts | News

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Mon Jul 5 04:07:22 EDT 2021*

TESS Home | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST
FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

Logout  Please logout when you are done to release system resources allocated for you.

Start  List At: [         ] OR  Jump  to record: [       ]  **Record 1 out of 6**

TSDR  ASSIGN Status  TTAB Status  *( Use the "Back" button of the Internet Browser to return to TESS)*

# HUMAN

| | |
|---|---|
| **Word Mark** | HUMAN |
| **Goods and Services** | IC 025. US 022 039. G & S: Athletic apparel, namely, shirts, pants, jackets, footwear, hats and caps, athletic uniforms; Hoodies; Sweaters; T-shirts; Crew neck sweaters; Short-sleeved or long-sleeved t-shirts. FIRST USE: 20071200. FIRST USE IN COMMERCE: 20120401 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 88600647 |
| **Filing Date** | August 30, 2019 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Owner** | (APPLICANT) **Pena, Joel** INDIVIDUAL UNITED STATES 60 East 104th Street - Suite 3E New York NEW YORK 10029 |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Other Data** | The name(s), portrait(s), and/or signature(s) shown in the mark does not identify a particular living individual. |
| **Live/Dead** | |